IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

|  |  |
|---|---|
| ROBERT KUHIO KUPAHU, | ) CR. NO. 05-00490 HG-03; |
|  | ) CV. NO. 10-00135 HG-BMK |
|  | ) |
| Petitioner, | ) **ORDER DENYING PETITIONER** |
|  | ) **ROBERT KUHIO KUPAHU'S MOTION** |
| vs. | ) **TO VACATE, SET ASIDE, OR** |
|  | ) **CORRECT SENTENCE PURSUANT TO** |
| UNITED STATES OF AMERICA, | ) **28 U.S.C. § 2255** |
|  | ) |
| Respondent. | ) |
| _____ | ) |

**ORDER DENYING PETITIONER ROBERT KUHIO KUPAHU'S MOTIONS TO VACATE,
SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255
(DOC. 316)**

On March 9, 2010, Petitioner Robert Kuhio Kupahu ("Petitioner" or "Kupahu") filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 316.) Kupahu claims that his counsel in the underlying criminal case, Barry Edwards, Esq., and his appellate attorney, Arthur Ross, Esq., provided ineffective assistance of counsel. After a thorough review of the record, the Court **DENIES** Kupahu's Motion without an evidentiary hearing, as he fails to show that he is entitled to relief under § 2255, and declines to issue a certificate of appealability.

**BACKGROUND**

**A.    Facts Underlying Conviction**

In October of 2003, Kupahu pled guilty to one count of conspiracy to distribute and possess with intent to distribute in

1

excess of 50 grams of methamphetamine. (See Cr. No. 03-00179-HG).
He was sentenced to 204 months imprisonment at Federal Detention
Center ("FDC") Honolulu.

On October 24, 2005, the Federal Bureau of
Investigation ("FBI") initiated an investigation into drug
trafficking among inmates at FDC Honolulu.  While conducting a
pat down search of inmate Keoni Hylton ("Hylton"), FDC officers
discovered three hand-rolled cigarettes containing marijuana.
(PSR ¶ 12.)  Hylton was questioned by FDC officials and stated
that: (1) the distribution of illegal substances within FDC
Honolulu occurred on three occasions between August and September
2005; (2) fellow inmate Kupahu instructed his wife, Gabrielle
Kupahu, to purchase methamphetamine from his brother, John Hawi
Kupahu ("Hawi"); and (3) Hylton instructed his mother to give
$200.00 to Gabrielle for the purpose of purchasing
methamphetamine from Kupahu.  (PSR ¶ 17).

Between August 15, 2005 and September 10, 2005, Kupahu
instructed his cellmate, Keoki Astronomo ("Astronomo"), to
contact his mother on the island of Maui and direct her to send
marijuana and cash to Gabrielle in Honolulu.  (PSR ¶ 18).
Gabrielle packaged methamphetamine, marijuana, and drug
paraphernalia inside protein supplement containers, and at
Kupahu's direction, delivered them to Akoni Kapihi, an FDC
Correctional Officer.  (PSR ¶ 18).  Kapihi brought the containers

2

into FDC Honolulu and provided them to Kupahu and Astronomo.
(Id.)  Hylton further stated that Kupahu and Astronomo used
methamphetamine and marijuana within FDC Honolulu and distributed
both drugs to other inmates.  (Id.)

Gabrielle Kupahu corroborated Hylton's statement that
Kupahu organized the offenses and exercised authority over other
individuals during their participation in the offenses.  (PSR ¶
19).  On December 15, 2005, Kapihe provided a statement to law
enforcement admitting that he met with Gabrielle on at least
three occasions and delivered the containers to Kupahu and
Astronomo in his capacity as a corrections officer.  (PSR ¶ 21).

On October 12, 2006, a grand jury Indicted Kupahu with:
(1) conspiracy to distribute and to possess with intent to
distribute methamphetamine and marijuana (Count 1);[1] (2)
conspiracy to provide an inmate of a prison a prohibited object
(Count 2);[2] and (3) possession of a prohibited object in prison
(Count 3).[3]  (Third Superceding Indictment, Doc. 148).  Kupahu
was charged as a principal in Counts 1-3.  Count 3 contained a
provision giving Kupahu notice that he could also be convicted as
an accomplice under an aiding and abetting theory.

On December 13, 2006, the Government filed a Special

_____

[1]21 U.S.C. §§ 846 and 841(a)(1), 841(b)(1).

[2]18 U.S.C. § 371.

[3]18 U.S.C. §§ 1791(a)(1),(d), and 2.

3

Information giving notice of its intent to seek enhanced penalties pursuant to 21 U.S.C. § 851, based on Kupahu's prior conviction for conspiracy to distribute and possess with intent to distribute in excess of 50 grams of methamphetamine. (Special Information, Doc. 167).

**B.  Plea Agreement and Sentence**

On January 4, 2007, Kupahu appeared in front of a Magistrate Judgeand pled guilty to Counts 2 and 3 of the Indictment pursuant to a Plea Agreement. (Plea Agreement, Doc. 210).  As a condition of the Plea Agreement, the Government agreed to dismiss Count 1 after Kupahu was sentenced for Counts 2 and 3.  (Id.)  The Plea Agreement also contained a paragraph regarding Kupahu's waiver of his right to appeal.  (Id. at ¶ 13.) Specifically, the paragraph states that: (1) Kupahu knowingly waives his right to appeal, including a challenge brought under 28 U.S.C. § 2255, except on the grounds of ineffective assistance of counsel or if the Court imposes a sentence greater than that specified in the applicable Sentencing Guidelines range.  (Id.)

At the change of plea hearing, Kupahu responded affirmatively when asked: (1) if he had discussed the charges made against him in the Indictment, as well as all of the facts surrounding the charges, with his attorney; (2) if he was satisfied with the legal representation he received from Mr. Edwards; (3) if he understood the terms of the plea agreement.

4

He also stated that no one had made any other promise or
assurance of any kind in an effort to get him to plead guilty,
and that no one had attempted to force, pressure, or threaten him
to plead guilty.  (Transcript of Withdrawal of Not Guilty Plea
and to Plead Anew, Doc. 297).

The Court then asked the Government to summarize the
plea agreement.  In providing this summary, counsel for the
Government stated:

> In this case the Defendant waives his right to appeal
> the sentence as long as it is within the maximum
> provided by statute.  He waives his right to challenge
> the proceedings by way of any collateral proceedings
> such as a 2255, except in two cases.  Where there's a
> claim of ineffective assistance of counsel or where
> there's an upward departure.  In the case of an upward
> departure the Defendant may still – still appeal that
> portion of the sentence.

Kupahu acknowledged that the Government's counsel's
summary accurately reflected his agreement with the Government.
Kupahu responded affirmatively when the Court inquired: "[d]o you
understand that you are waiving or giving up all of your rights
to appeal except in two situations.  First, if Judge Gillmor
imposes a sentence above the advisory sentencing guidelines and,
second, in the event of ineffective assistance of counsel?
(Change of Plea Hearing Tr., pg. 7-8.)

The Court found that Kupahu was fully competent and
capable of entering the guilty pleas, that the pleas were
knowing, voluntary, and supported by an independent basis of

fact, and recommended that Kupahu be adjudged guilty.  (Change of
Plea Hearing Tr., pg. 21.)  On February 13, 2007, in accordance
with the Magistrate Judge's recommendations, the District Court
formally accepted Kupahu's guilty pleas and adjudicated him
guilty.  (Doc. 226).

### C.   The PSR and Sentencing Proceedings

According to the Presentence Investigation Report
("PSR"), to which Kupahu did not object, Kupahu's base offense
level was 26.  (PSR ¶ 29).  Kupahu received a four point upward
adjustment under U.S.S.G. § 3.B1.1(a) for being the organizer or
leader of the charged activity and a two point reduction for
acceptance of responsibility, making his total offense level 28.
(PSR ¶ 32, 35, 38).

Kupahu had 20 criminal history points.  Two additional
points were added under U.S.S.G. § 4A1.1(d) for committing the
offense charged while serving another criminal sentence.  (PSR ¶
49).  Based on a criminal history points total of 22, Kupahu fell
under criminal history category VI.  (PSR ¶ 50).  The recommended
range of imprisonment according to the Sentencing Guidelines was
140 to 175 months.

On May 17, 2007, the Court adopted the factual
statements contained in the PSR as its findings of fact, as
neither Kupahu nor the Government objected.  The Court also
accepted the plea agreement, finding that it adequately reflected

the seriousness of the offenses and that doing so would not undermine the statutory purposes of sentencing.  (Sentencing Transcript, Doc. 300 at p. 2-3.)  The Court then adopted the guidelines calculations contained in the PSR and sentenced Kupahu to 60 months imprisonment as to Count 2, and 175 months as to Count 3.  (Id.)  The sentence was to be served concurrently but consecutive to the conviction for which he was already serving time when he committed the offenses described in Counts 2 and 3. (Id. at 14.) Kupahu was also sentenced to 3 years of supervised release as to each Count, to run concurrently, and was ordered to pay a special assessment of $200.00.  (Id.)

### D.   Post-Sentence Proceedings

On June 4, 2007, Kupahu filed a timely Notice of Appeal.  (Notice of Appeal, Doc. 274).  Arthur Ross, Esq. Was appointed to represent Kupahu on appeal.  (Doc. 283).  Mr. Ross filed an Anders Brief pursuant to Anders v. California, 386 U.S. 378 (1967) and moved to withdraw.  The Anders Brief presented the following issues: (1) whether Kupahu's guilty plea was knowing and voluntary; (2) whether the appellate waiver in Kupahu's Plea Agreement was valid; and (3) whether the district court plainly erred in applying the sentencing guidelines.  Mr. Ross conducted an analysis of these issues and concluded that: (1) Kupahu's plea was knowing and voluntary; (2) the appellate waiver was valid; and (3) the district court did not plainly err in applying the

7

sentencing guidelines, because even if there were errors, under a plain error review they do not appear to have affected Kupahu's "substantial rights."  (See U.S. v. Kupahu, 2009 WL 580696 (9th Cir. 2009)).

On September 29, 2008, Kupahu filed a pro se brief with the Ninth Circuit Court of Appeals.  In his brief, Kupahu argued that: (1) the Indictment failed to correctly reflect the penalty provisions he was subject to, which constituted an Apprendi error and violated his Fifth and Sixth Amendment rights; (2) the drug amounts proscribed by 21 U.S.C. § 841(a)(1) and 841(b)(1) must be stated in the Indictment and proven to a jury beyond reasonable doubt; (3) the Indictment was defective, incorrect, and misleading because it did not provide Kupahu with proper notice of the accusations and the enhancement to which he was subject, and this error was present in the Indictment, Plea Agreement, and pre-sentence report; and (4) the Rule of Lenity.  Kupahu also alleged in his declaration that if he had known of the errors, he would not have pled guilty.

On March 5, 2009, the Ninth Circuit Court of Appeals conducted a review of the record, the Anders Brief filed by Mr. Ross, and Kupahu's pro se brief, and affirmed Kupahu's conviction and sentence finding "no arguable grounds for relief on direct appeal."  U.S. v. Kupahu, 316 F. App'x 641, 642 (9th Cir. 2009).

On March 9, 2010, Kupahu filed the instant Motion under

28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (Doc. 300).   In his Motion, Kupahu claims that Mr. Edwards, his trial attorney, was ineffective because he failed to: (1) investigate; (2) file motions; (3) object to the filing of an 851 enhancement; and (4) object to paragraph 6 of the Pre-Sentence Report ("PSR").   Kupahu claims that Mr. Ross was ineffective because he: (1) failed to investigate; (2) never made himself available and did not call Kupahu; and (3) filed the Anders Brief.   Kupahu further alleges several other errors, including but not limited to allegations that he was forced to answer the Court's colloquy questions in the affirmative, and that he did not understand the nature of the charges against him and that he could be sentenced to greater than 60 months imprisonment.

On April 2, 2010, the Government filed a motion seeking a ruling that Kupahu waived his attorney-client privilege with Mr. Edwards and Mr. Ross.   On April 15, 2010, the Court entered an Order finding that Kupahu waived his attorney-client privilege as to the instant § 2255 proceedings regarding his claim of ineffective assistance as to both Mr. Edwards and Mr. Ross.

On August 13, 2008, the Government filed a Response to the Petitioner's Motion ("Response," Doc. 334).

## STANDARD OF REVIEW

Title 28 U.S.C. § 2255 ("Section 2255") gives a federal

9

prisoner the right to change his imprisonment if: (1) the
sentence was imposed in violation of the Constitution or laws of
the United States; (2) the court was without jurisdiction to
impose such a sentence; (3) the sentence was in excess of the
maximum authorized by law; or (4) the sentence is otherwise
subject to collateral attack.  28 U.S.C. § 2255.


## <u>ANALYSIS</u>

### I.   **Claims Raised on Direct Appeal Are Procedurally Barred in a Subsequent § 2255 Motion**

A § 2255 motion cannot raise a claim that has already
been decided by the underlying criminal judgment and the direct
appeal that followed.  <u>Olney v. United States</u>, 433 F.2d 161, 162
(9th Cir. 1970).  The Ninth Circuit Court of Appeals has in <u>Olney</u>
that: [h]aving already raised this point unsuccessfully on direct
appeal, appellant cannot now seek to relitigate it as part of a
petition under § 2255." <u>Id.</u>

In the Anders brief filed by Mr. Ross with the Ninth Circuit
Court of Appeals, Mr. Ross evaluated: (1) whether Kupahu's guilty
plea was knowing and voluntary; (2) whether the appellate waiver
in the Plea Agreement was valid; and (3) whether the district
court erred in applying the sentencing guidelines.

In his pro se brief on appeal, Kupahu also argued the
following issues: (1) the Indictment failed to correctly reflect

the penalty provisions he was subject to, which constituted an
Apprendi error and violated his Fifth and Sixth Amendment rights;
(2) the drug amounts proscribed by 21 U.S.C. § 841(a)(1) and
841(b)(1) must be stated in the Indictment and proven to a jury
beyond reasonable doubt; (3) the Indictment was defective,
incorrect, and misleading because it did not provide Kupahu with
proper notice of the accusations and the enhancement to which he
was subject, and that this error was present in the Indictment,
Plea Agreement, pre-sentence report, and the term of
imprisonment; and (4) that the Rule of Lenity should apply.
Kupahu also alleged in his declaration that if he had known of
the alleged errors, he would not have entered a guilty plea.  The
Ninth Circuit Court of Appeals reviewed the Anders brief, the
issues raised by Kupahu, and the record, and affirmed Kupahu's
conviction and sentence finding "no arguable grounds for relief
on appeal."  U.S. v. Kupahu, 316 F. App'x 641, 642 (9th Cir.
2009).

     In his § 2255 Motion, Kupahu raises the following
issues: (1) his plea was not knowing and voluntary because he was
unlawfully induced to plead guilty, was forced to answer all of
the Court's questions during the Rule 11 colloquy in the
affirmative, he did not understand the nature of the charges
against him or the consequences of pleading guilty, and he was
told that he would not receive a sentence in excess of 60 months

11

imprisonment; (2) he never pled guilty to a specific drug amount, and drug amounts under 21 U.S.C. § 841(a)(1) and 841(b)(1) must be stated in the Indictment and proven to a jury beyond reasonable doubt, or admitted to during the plea; (3) the Court erred in calculating and sentencing Kupahu because the Court failed to adopt the factual basis of the PSR, the Indictment failed to charge drug amount, Kupahu's base offense level was improperly computed, Kupahu's sentence was improperly enhanced, and the Government's counsel committed prosecutorial misconduct.

All of the issues outlined above were raised in Kupahu's direct appeal.  Having raised these issues on direct appeal, Kupahu cannot now attempt to relitigate them as part of his § 2255 Motion.  Kupahu is, therefore, procedurally barred from raising these claims.

## II.  Claims of Error at the Trial Court Level Not Raised at Trial or on Direct Appeal are Procedurally Barred from Being Raised for the First Time in a § 2255 Motion

When a petitioner has not previously raised an alleged error at trial or on direct appeal, the petitioner is procedurally barred from raising the issue for the first time in a § 2255 petition if it could have been raised earlier, unless the petitioner can show both "cause" and "actual prejudice." U.S. v. Frady, 456 U.S. 152, 167-68 (1982).  In Frady, the U.S. Supreme Court stated:

> [To] obtain collateral relief based on trial errors to
> which no contemporaneous objection was made, a

convicted defendant must show both: (1) "cause"
excusing his double procedural default; and (2) "actual
prejudice" resulting from the errors of which he
complains.

Even if Kupahu could show cause, which he has not

attempted to do in his Motion and documents submitted to the

Court, he must also show actual prejudice.  In order for a

petitioner to show "actual prejudice," he must show

not merely that the errors...created a possibility of
prejudice, but that they worked to his actual and
substantial disadvantage, infecting his entire trial
with error of constitutional dimensions.  Id.

It is difficult to categorize the Petitioner's

arguments in this case due to the way in which they are

presented.  As stated above, aside from the ineffective

assistance of counsel arguments, all of the other arguments

Kupahu makes in his 2255 Motion were raised on direct appeal.

Even assuming, however, that: (1) his argument related to failure

to plead guilty to a specific drug amount is not the same as the

argument made in his direct appeal that drug amount must be pled

and proven; and (2) his § 2255 arguments that the Court failed to

adopt the factual basis of the PSR, the Indictment failed to

charge drug amount, his base offense level was improperly

computed, his sentence was improperly enhanced, and the

Government's counsel committed prosecutorial misconduct,[4] are not

_____

[4]Kupahu provides no specific factual basis to support this
allegation.  Kupahu appears to be alleging that the prosecutor

the same as his Ninth Circuit argument that the Court erred in calculating his sentence, Kupahu still cannot raise these arguments.  The arguments were not raised in the district court or on direct appeal.  Kupahu has not shown "cause" or "actual prejudice" for his failure to raise these issues at trial or on appeal, and he is therefore procedurally barred from raising them in his § 2255 motion.

### III. The Plea Agreement Precludes Kupahu From Challenging his Sentence or the Manner in Which it was Determined Except for a Challenge Based on Ineffective Assistance of Counsel

A knowing and voluntary waiver of the right to appeal and collaterally attack a conviction contained within a plea agreement is enforceable.  U.S. v. Navarro-Botello, 912 F.2d 318, 319 (9th Cir. 1990); U.S. v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993).

Kupahu's motion sets forth the following list of issues that he believes constitute error: (1) the counting of his conviction in Cr. No. 03-00179-HG as a prior offense even though Kupahu was still serving time for that offense when he was sentenced for the current offense; (2) the calculation of his

---

and Mr. Edwards acted in concert to create an "illegal sentence, enhanced beyond the statutory maximum."  (Addendum to Motion at p. 3.)  If this is in fact what Kupahu is using to support his prosecutorial misconduct accusation, it is without merit.  The maximum penalty for a violation of 18 U.S.C. 1791 is 20 years imprisonment.  Kupahu was sentenced to 175 months, which is a little over 14 ½ years, a very favorable sentence under the circumstances.

criminal history points for offenses that were sentenced on the same date but involved different offense dates (PSR ¶¶ 41-44); (3) the filing of the Title 21 U.S.C. § 851 based upon Kupahu's prior drug conviction in Cr. No. 03-00179-HG; (4) the Indictment failed to include a drug amount; (5) the plea agreement did not include a specific drug amount; (6) Kupahu did not plead to a specific drug amount; and (7) Kupahu was not sentenced based on a specific drug amount.

As stated above, in the Plea Agreement, Kupahu voluntarily and knowingly waived his right to appeal, including a challenge brought under 28 U.S.C. § 2255, except in the event of ineffective assistance of counsel or if the Court imposed a sentence greater than that specified in the applicable Sentencing Guidelines range. (Plea Agreement ¶ 13, Doc. 210).  Kupahu cannot directly challenge his conviction and sentence in light of this waiver, where the Court did not impose "a sentence greater than that specified in the guidelines range determined by the Court to be applicable to the Defendant." (_Id._)  Kupahu's sentence of 175 months was within the guideline range of 140 to 175 months determined applicable by the Court.  Kupahu waived his right to challenge "the manner in which that sentence was determined on any of the grounds set forth in Section 3742 or on any ground whatsoever." (_Id._)  Kupahu, therefore, may only challenge his sentence based on ineffective assistance of counsel.

## IV.   Kupahu's Counsel Was Not Ineffective

In Strickland v. Washington, 466 U.S. 668, 687 (1984),
the United States Supreme Court established a two-pronged test
for determining whether the United States Constitution requires a
conviction to be set aside because counsel's representation of a
defendant was ineffective.   First, a defendant must show that,
considering all of the circumstances, defense counsel's
performance fell below an objective standard of reasonably
effective assistance under prevailing professional norms.
Strickland, 466 U.S. at 687-88.   Second, a defendant must show
that, but for counsel's unprofessional errors, the outcome of the
proceeding would have been different.   Id. at 694.   Courts must
"indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance."   Id. at
689.

In determining whether counsel's performance fell below
an objective standard of reasonableness, the petitioner must
identify counsel's acts or omissions that are alleged to be the
result of unreasonable professional judgment.   Id. at 690.   The
Court must then determine whether, in light of all of the
circumstances, the identified acts or omissions were outside the
wide range of professionally competent assistance.   Id.   The
Court must keep in mind that counsel is presumed to have rendered
adequate assistance and made all significant decisions in the

exercise of reasonable professional judgment.  <u>Id.</u>

   If the Court finds that counsel's performance was deficient, prejudice to the defendant must also be proven.  To prove prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  <u>Id.</u> at 694.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  <u>Id.</u>

### A.   Mr. Edward's Representation Was Not Ineffective

   Petitioner claims that Mr. Edwards: (1) failed to investigate his case; (2) failed to submit motions on his behalf; (3) failed to object to the Title 21 U.S.C. § 851 special information and enhancement; (4) failed to object to the consideration of Kupahu's prior offenses when determining the applicable sentencing range; (5) failed to object to the inclusion of the offense that he was already incarcerated on when determining the applicable sentencing range; (6) failed to object to the length of the sentence ultimately imposed; (7) coerced him into pleading guilty; (8) forced him to answer all of the colloquy questions affirmatively; and (9) did not sufficiently explain the nature of the charges and the consequences of pleading guilty.

### 1.   Kupahu Cannot Show Prejudice

   Mr. Edwards was able to negotiate a very favorable plea

agreement in the case at bar.  The agreement called for the dismissal of Count 1, conspiracy to distribute and to possess with intent to distribute methamphetamine and marijuana, in violation of Title 21, U.S.C., §§ 846 and 841(a)(1), 841(b)(1); and a plea of guilty to Counts 2 and 3, conspiracy to provide an inmate of a prison a prohibited object, in violation of Title 18, U.S.C. § 371; and Possession of a prohibited object in prison, in violation of Title 18 U.S.C. §§ 1791(a)(1), (d), and 2.  The United States received an appellate and collateral attack waiver in exchange for the Plea.  Defendant by pleading guilty to Counts 2 and 3 avoided the application of the § 851 Special Information and the Sentencing Guidelines Career Offender provision.

Depending on the drug amounts at issue the application of the § 851 special Information could have triggered at a minimum, an increase of the maximum sentence to 30 years (§ 841(b)(1)(C)), and in the worst case scenario a mandatory minimum of 10 years and up to life imprisonment (§ 841(b)(1)(B)).  Likewise, if convicted of the drug offense in Count 1, Kupahu would certainly have qualified as a Career Offender under the Sentencing Guidelines with either § 4B1.1(b)(A) or (b)(B) being applicable based upon the potential maximum penalty.  If the maximum penalty was 30 years the Career Offender provision § 4B1.1(b)(B) proves for a level 34, criminal history category VI, guideline range of 262-327 months.  If the maximum penalty were to be life under the

enhancement, the Career Offender provision   § 4B1.1(b)(A)
provides for an offense level 37, criminal history category VI,
guideline range of 360 months-life.

In the context of a challenge to a guilty plea based on
ineffective assistance of counsel, the Supreme Court has held
that the petitioner must prove that "there is a reasonable
probability that, but for counsel's errors, he would not have
pled guilty and would have insisted on going to trial." Hill v.
Lockhart, 474 U.S. 52, 56-57 (1985).  Kupahu must therefore show
that but for counsel's conduct, he would not have pled guilty and
instead would have insisted on going to trial.  (Id.; see also
U.S. v. George, 869 F.2d 333, 336 (7th Cir. 1989); Wofford v.
Wainwright, 748 F.2d 1505, 1508 (11th Cir. 1984)

In Nguyen v. United States, 114 F.3d 699, 714 (8th Cir.
1997), the defendant claimed that his counsel was ineffective
because he was not adequately prepared for trial, did not hire
expert witnesses, neglected to interview important witnesses, and
that this ineffective assistance "coerced" him to plead guilty.
Id.  The Nguyen Court stated "Nguyen's belated claim that [his]
counsel represented him ineffectively is flatly contradicted by
his contemporaneous statements at the plea hearing that he was
satisfied with the representation received and that he believed
his counsel had been a good lawyer." Id.  In its ineffective
assistance analysis, the Court stated that Nguyen's counsel

negotiated a plea agreement which "was a good deal and is an objectively prudent plea negotiation."  Id. at 704.

Here, Kupahu has not alleged that he would have proceeded to trial in his declaration and has submitted no other evidence suggesting this was the case.  Based on Mr. Edwards' declaration, it is highly unlikely that Kupahu would have chosen to proceed to trial where he would have faced the prospect of the § 851 enhancement or the Career Offender Enhancement, particularly where his own wife and several other individuals were set to testify against him, and where Mr. Edwards states that he advised Mr. Kupahu that "conviction was the most readily foreseeable outcome." (Edwards Decl., Ex. 8 at ¶ 11).

Kupahu received a "good deal" and it was "an objectively prudent plea negotiation" in light of the potential penalties faced by him if he should be convicted at trial of Count 1.  Mr. Edwards performance was well above the standard required to be deemed effective in this instance.  Kupahu benefitted greatly by his efforts to prevent an enhanced sentence and can certainly not prove prejudice as a result of the plea and sentence that he received.

### 2.    The Deficiencies Alleged by Kupahu are Without Merit

Kupahu claims that he was denied effective assistance of counsel because Mr. Edwards failed to investigate his case and submit motions on his behalf.  Mr.  Edwards' declaration and its

attached billings show that this is incorrect.  Mr. Edwards reviewed discovery, explored the potential witnesses, hired an expert witness, toured FDC Honolulu, had pictures and video shot of the relevant areas, and met with Kupahu and other defense counsel to discuss strategy.  (Edwards Decl., Ex. 8 at ¶ 6-14). Mr. Edwards also joined in defendant Astronomo's Motion in Limine.  Aside from this, Mr. Edwards could not identify any non-frivolous pre-trial motions.  (Id. at ¶ 16.)  He was not ineffective for refusing to file frivolous motions.

Kupahu also claims he was denied effective assistance because Mr. Edwards failed to object to: (1) the § 851 Special Information; (2) the separate counting of his prior drug offenses and the offense he was incarcerated on; and (3) the length of the sentence imposed where it was "beyond the statutory maximum."

Mr. Edwards had no legal basis to object to the § 851 because Kupahu had in fact been convicted of a prior felony drug offense.  (Id. at ¶ 17.)  Mr. Edwards, likewise, had no legal basis to object to the separate counting of Kupahu's prior drug offenses, as Kupahu argues.  Kupahu had a series of convictions counted as separate prior sentences, which appear at paragraphs 41 through 44 of the PSR.  Kupahu seems to argue that they should not have been counted separately because he was sentenced for all of the offenses on one date.  Although at the time of sentencing Kupahu received the benefit of consolidation in that he was

sentenced to 5 years for each offense with the sentences to run concurrently, each offense had separate arrest dates (PSR ¶ 41-44).  The Sentencing Guidelines § 4A1.2(a)(2) states that "[p]rior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest."

The PSR reveals that each offense had a separate arrest date that pre-dated the offense at issue.  These prior offenses were, therefore, properly considered and counted separately as they each had an intervening arrest.  Mr. Edwards properly determined that he "had no basis to object under applicable law." (Edwards Decl. at ¶ 8.)

Mr. Edwards also had no legal basis to object to the length of the sentence, as it was not beyond the statutory maximum as Kupahu alleges, and no legal basis to object to the counting of the conviction that Kupahu was already serving time for when he was convicted of the offenses at issue.  Kupahu was already serving a sentence of 204 months when he was convicted in this case.  This sentence was properly counted in paragraph 46 of the PSR pursuant to U.S.S.G. § 4A1.1(a) and 4A1.2(e)(1), since it was a prior sentence of imprisonment exceeding one year and one month, and was imposed within fifteen years of the defendant's commencement of the instant offense.  By definition, "prior sentence" means any sentence previously imposed upon an

22

adjudication of guilty.  Mr. Edwards had no legal basis to object to the counting of this conviction.  Kupahu was still serving the sentence when he was convicted of the instant offense.

Kupahu's allegations of coercion are equally without merit.  As stated above, Kupahu responded affirmatively at the plea colloquy when asked: (1) if he had discussed the charges made against him in the Indictment, as well as all of the facts surrounding the charges, with his attorney; (2) if he was satisfied with the legal representation he received from Mr. Edwards; (3) if he understood the terms of the plea agreement. He also stated that no one had made any other promise or assurance of any kind in an effort to get him to plead guilty, and that no one had attempted to force, pressure, or threaten him to plead guilty.  (Transcript of Withdrawal of Not Guilty Plea and to Plead Anew, Doc. 297).

In the face of this record and his own statements, coupled with Mr. Edwards' statement in his declaration that he in no way stated or implied to Kupahu that "he would receive no more than 60 months as he now claims," Kupahu cannot now attempt to revise history and plead his innocence by claiming he was coerced into pleading guilty.  (Edwards Decl. at ¶ 20.)  The Ninth Circuit Court of Appeals has already reviewed and rejected this argument from Kupahu.

Given the totality of the record and the evidence

before this Court, Mr. Edwards' representation of Kupahu was not ineffective.

### B.   Mr. Ross' Representation Was Not Ineffective

Kupahu claims Mr. Ross' representation of him was ineffective because: (1) he failed to investigate; (2) never called Kupahu; and (3) he filed an Anders brief in an attempt to "hem Kupahu in."

The record that Mr. Ross had before him included all the files, evidence, trial materials and discovery from Mr. Edwards, the third superceding indictment, the plea agreement, and all transcripts and court documents.  This provided Mr. Ross with a complete record of the case.  As he states in his declaration, Mr. Ross did in fact investigate and analyze the facts and legal issues.  (Ross Decl. at ¶ 17-20).

Mr. Ross was appointed by the court to represent Kupahu on appeal.  After reviewing the entire file and analyzing the legal issues presented, Mr. Ross concluded that there were no viable arguments to be raised on appeal.  The plea agreement appeared to be knowing and voluntary, and the appeal waiver was valid.  (Id. at ¶ 8).

Mr. Ross framed the necessary issues and placed them before the Ninth Circuit Court of Appeals in the form of an Anders Brief.  With that filing, the Court of Appeals invited Kupahu to file a pro se brief, which he did.  In that brief,

Kupahu was permitted to raise any and all issues that he himself selected, he supported them with case law, and the Ninth Circuit Court of Appeals squarely rejected them.

With the appellate and collateral attack waiver contained within the valid plea agreement, and with the sentence falling within the sentencing guidelines and therefore outside of the exceptions to appeal stated in the plea agreement, Mr. Ross was severely limited in what he could argue on appeal.  Given that: (1) there was no apparent error in the proceedings; (2) Kupahu under oath acknowledged that he understood what he was doing during the change of plea proceedings; and (3) the sentence did not fall outside of the guidelines or involve the significant enhancements that Mr. Edwards tried to avoid, Mr. Ross correctly decided to file the Anders brief.

Kupahu also does not allege that he directed Mr. Ross to make any arguments and was prejudiced as a result of Mr. Ross' failure to do so.  Even if he did, "a defendant does not have a constitutional right "to compel appointed counsel to press non-frivolous points requested by the client if counsel, as a matter of professional judgment, decides not to present those points." Jones v. Barnes, 463 U.S. 745, 751 (1983).  Kupahu was invited by the Ninth Circuit Court of Appeals to file a pro se brief and he in fact did so.  He cannot, therefore, establish any prejudice, even assuming that he did request that Mr. Ross make certain

arguments on appeal, because he himself had ample opportunity to present the arguments himself, he did so, and the Ninth Circuit Court of Appeals rejected them.

Mr. Ross properly investigated the case, analyzed the legal issues, and properly filed an Anders Brief.  His representation of Kupahu was not ineffective.


**V.    Disposition of Petitioner's Section 2255 Motion is Suitable Without a Hearing**

A court shall hold an evidentiary hearing on a prisoner's Section 2255 petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  A court need not hold an evidentiary hearing on a prisoner's § 2255 petition where the prisoner's allegations, when viewed against the records, either do not state a claim for relief or are so palpably incredible as to warrant summary dismissal.  Shah v. United States, 878 F.2d 1156, 1158 (9th Cir. 1989), cert. denied, 493 U.S. 869 (1989); United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984), cert. denied, 470 U.S. 1058 (1985).  "Merely conclusory statements in a § 2255 motion are not enough to require a hearing."  United States v. Johnson, 988 F.2d 941, 945 (9th Cir. 1993) (citing United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981)).

The Court finds that Kupahu's Motion is suitable for disposition without a hearing.  Kupahu's Motion, the United States' response, the case file, and records of the case conclusively show that Petitioner is not entitled to habeas relief on the grounds alleged.  <u>See</u> 28 U.S.C. § 2255.  The Court will not hold an evidentiary hearing on the Motion.  <u>See</u> <u>Shah</u>, 878 F.2d at 1158; <u>Schaflander</u>, 743 F.2d at 717.

## VI.  Certificate of Appealability

Under 28 U.S.C. § 2253(c), a petitioner must make a "substantial showing of the denial of a constitutional right" in order to obtain a certificate of appealability when the district court has denied a habeas claim on the merits.  <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1104 (9th Cir. 1999).  To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack</u>, 529 U.S. at 484.

Kupahu has not made the required showing for a certificate of appealability.  Kupahu has not made any showing of a denial of a constitutional right under the United States Constitution.  Kupahu's arguments that counsel provided ineffective assistance are unsupported by the record and the applicable law.  Reasonable jurists would not debate the Court's conclusion that Kupahu has failed to state a valid claim of the

denial of a constitutional right.

## CONCLUSION

Having failed to establish that he is entitled to relief pursuant to § 2255, Kupahu's Motion for § 2255 relief is **DENIED**.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 31, 2010.



/S/ Helen Gillmor

Helen Gillmor
United States District Judge

Kupahu v. United States; Civil No. 10-00135 HG-BMK; Cr. No. 05-00490 HG; **ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY PURSUANT TO 28 U.S.C. § 2255 (DOC. 334)**